## RICH *et al.* *v.* WARREN.

1. While accommodation makers of a promissory note are, relatively to a holder of the same who takes with notice of the character in which they sign the note, and relatively to the accommodated party, securities only, when such a note has been signed by one as principal maker and there is nothing on the face of it to indicate that he signed it otherwise than as maker for value, and the note has passed into the hands of a bona fide holder without notice, the maker can not, by giving to the holder the notice provided by the Civil Code, § 2974, convert himself into a security and secure the benefits of the provisions of that section, so as to be relieved of liability upon the note in case the bona fide holder thereof fails to proceed to collect the note within three months after such notice.

2. Even if the ruling of the court in excluding certain evidence was error, a new trial should not be granted in this case; inasmuch as the verdict which the court directed was the only proper verdict which could have been rendered under the evidence submitted, and the evidence which was excluded could not have affected the result.

NOVEMBER 19, 1910.

Complaint. Before Judge Worrill. Miller superior court. January 11, 1910.

*Rich & Nelson,* for plaintiffs in error.

*Bush & Stapleton,* contra.

BECK, J. Warren brought suit against Rich and others on a promissory note. All of the defendants appear on the note as makers, and the note is made payable to Adams, Warren suing as transferee. The defendants pleaded that they were only accommodation makers on the note and, under the facts, merely sureties thereon. The note before due had been deposited with the Citizens Bank of Iron City as collateral for a note of Warren. It is averred in the plea, that said bank was a bona fide holder of the note; that it was in their possession and control; that at the time the note matured Rich received notice from the bank, calling upon him to pay the same; that he immediately gave written notice to the bank, according to the provisions of the statute, of the fact that he was only security, and that he desired the holders of the note to proceed at once to collect the same out of the principal, Adams, who resided in Decatur county, Georgia. It is further averred in the plea, that the defendant did not know that the plaintiff in this suit, Warren, had an interest in the note until some time during the spring of 1908; that Warren did not have possession and control, nor was he the bona fide owner of said note until some time

in the spring of 1908, long after said note had matured. The date of maturity of the note is November 1, 1907. Upon the trial the court directed a verdict in favor of the plaintiff. The defendants made a motion for a new trial, and upon the court's refusal to grant the same the case was brought here for review.

The motion for a new trial, in addition to the general grounds, contained two others, complaining of a ruling of the court which excluded from the evidence certain carbon copies of letters which defendant Rich had written to the bank upon receiving the demand for payment of the note sued on. It is insisted that these letters contained the notice which the Civil Code, § 2974, provides that the security upon the note may give to the holder thereof, and be discharged from liability upon the obligation in the event the holder of the note fails for a period fixed in the statute to proceed to collect the same. The court below rejected the evidence tendered, apparently on the ground that the carbon copies were not the highest and best evidence. The plaintiff in error excepted to this ruling, and also to the direction of a verdict in favor of the plaintiff.

It is unnecessary to pass upon the question as to whether or not the "carbon copies" were properly excluded from the evidence on the ground that they were not the highest and best evidence, and that the letter which was actually sent should have been produced as the original writing; for, in our opinion, if this evidence had been admitted, no other verdict in the case could have been found than that which the court directed the jury to return, as the evidence, including that which was rejected, demands a finding in favor of the plaintiff. While, under the provisions of the code section referred to above, the security upon a promissory note may, after the same falls due, give written notice to the holder of the obligation, stating the county of the residence of the principal, and that he desires him to proceed with the collection of the same, and thereby be discharged from liability upon the note unless the holder thereof proceeds within three months to collect the same, we do not think that one who signs a note as maker, and who on the face of the note is apparently a maker thereof for a consideration, though in fact he may be only an accommodation maker and, in consequence, only a security upon the note relatively to one who took or became a holder of the note with knowledge of that fact, can render himself merely a security by giving the notice provided for in the

code section cited. When the bank received the note it took as a bona fide holder without notice. Rich and the other codefendants were, according to the face of the writing, coprincipals and joint makers of the note. And while, inasmuch as they signed this paper for the accommodation of Adams, relatively to him they were merely securities, and, ordinarily, were merely securities relatively to any one who took the note with knowledge of the character in which it was signed by Rich and the other joint promisors, they could not claim to have the same status relatively to a bona fide holder for value of this negotiable paper, who took without notice. When Rich and others signed the paper as makers and sent it out in the ordinary channels of trade and commerce, any one was authorized to receive it as a paper upon which six makers were bound as such; and if they or any of them could, by giving the notice which the statute authorizes in case of sureties, convert themselves into mere sureties, they could very materially affect the character and possibly the value of a negotiable paper in the hands of a bona fide holder. This we do not think they could do; and we so hold.

It results from this ruling, as announced above, that the verdict directed in this case was the only possible verdict, as it is not averred that notice to sue had ever been given to the present plaintiff in the case.        *Judgment affirmed.   All the Justices concur.*